UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEODLE OF NEW YORK,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>YEHUDAH MILCHAMOT,<br><br>　　　　　　　　　Defendant. | 24-CV-9296 (DEH)<br><br>ORDER REMANDING<br>ACTION |

DALE E. HO, United States District Judge:

　　Before this Court is a notice of removal filed by Defendant Yehudah Milchamot ("Mr. Milchamot").[1] Mr. Milchamot is being prosecuted in a criminal matter that originated in New York State court, and he seeks to have his case removed to federal court. Mr. Milchamot cites several statutes under which he believes removal is proper, including 28 U.S.C. §§ 1332, 1441, 1442, 1446, and 1455. For the reasons discussed below, the Court orders this action **DISMISSED** from federal court and **REMANDED** to state court.

　　For a federal court to be able to hear a case, that case must fall within the court's jurisdiction. "Jurisdiction" refers to the court's power to decide a case.[2] Federal courts have what is called "limited jurisdiction," which means that they can only exercise power that has been given to them by the Constitution or by Congress.[3]

　　When a case is brought in federal court, the person who wants to have the case heard in that court must show that the court has jurisdiction to decide the case.[4] Ultimately, however, it is

---

[1] ECF No. 1.

[2] *See, e.g.*, *The Resolute*, 168 U.S. 437, 439 (1897).

[3] *See Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015).

[4] *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

the federal court's responsibility to conduct its own investigation about whether subject matter jurisdiction exists in a given case.[5] To reach the point of deciding a case on the merits (that is, apply the law to the facts of the case), a court must find that it has jurisdiction.[6]

The allegations in Mr. Milchamot's notice are difficult to follow. The Court understands him to be the defendant in criminal proceedings brought by the State of New York. The Court also understands that, broadly speaking, Mr. Milchamot wants to have his case removed to federal court because he does not feel he will have a fair trial if his case is prosecuted in state court. In the section of his notice titled "Basis for Removal," Mr. Milchamot states that "[r]emoval is proper because this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332[;] this court has jurisdiction over the action because it is between citizens of the same states."

Section 1332 does not give this Court subject matter jurisdiction over Mr. Milchamot's case. That statute describes federal district courts' jurisdiction in civil actions.[7] Mr. Milchamot's case is a criminal matter, not a civil case. Therefore, the statute does not apply to Mr. Milchamot's case, and this Court has no jurisdiction over the matter.

Mr. Milchamot cites several other statutes at various places in his notice. The Court has considered whether any of those other statutes gives it jurisdiction to hear Mr. Milchamot's case and concludes that:

- 28 U.S.C. § 1441 does not give this Court jurisdiction over the case because it describes when civil actions may be removed to federal district court. As explained above, Mr. Milchamot's case is a criminal matter.

- 28 U.S.C. § 1442 does not give this Court jurisdiction over the case because it gives a federal district court jurisdiction over a case where a federal officer or

---

[5] *See Da Silva v. Kinsho Int'l. Corp.*, 229 F.3d 358, 361 (2d Cir. 2000) (citing *Mr. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

[6] *See id.*

[7] 28 U.S.C. § 1332(a) ("[T]he district court shall have original jurisdiction of all *civil* actions where the matter in controversy exceeds the sum or value of $75,000 and . . . .") (emphasis added).

- agency is being sued or prosecuted. Mr. Milchamot has not established that he is a federal official or officer.

- 28 U.S.C. § 1446 does not give this Court jurisdiction over the case because it is about the procedure for removing civil cases to federal district court. As already explained, Mr. Milchamot's case is a criminal matter.

- 28 U.S.C. § 1455 does not give this Court jurisdiction over the case because it is about the procedure for removing criminal proceedings to federal district court. A statute describing the process for removing a case to federal court is not the same as a statute that actually gives the federal district court jurisdiction over a case.[8]

In conclusion, Mr. Milchamot has not provided this Court with a statute authorizing it to exercise jurisdiction over his case. Therefore, the Court has no choice but to **DENY** his request for removal. This action is hereby **DISMISSED** from federal court and **REMANDED** to state court. SO ORDERED. The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant proceeding *pro se*.

Dated: December 16, 2024
New York, New York

DALE E. HO
United States District Judge

---

[8] The Court notes that at least one statute may provide it jurisdiction to hear Mr. Milchamot's case: 28 U.S.C. § 1443. Section 1443(1) states that a "criminal prosection[] commenced in State court may be removed by the defendant to the district court of the United States for the district . . . embracing the place wherein it is pending [when the person seeking removal] is denied or cannot enforce in the court of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). However, from the notice Mr. Milchamot submitted to the Court, it is not clear that this statute applies to his particular case.