UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| People of New York<br><br>        Plaintiff,<br><br>    v.<br><br>Yehudah Milchamot,<br><br>        Defendant. | 24-CV-9296 (DEH)<br><br>MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

  Before the Court is Defendant Yehudah Milchamot's ("Mr. Milchamot") Motion for Reconsideration.[1] Mr. Milchamot filed a notice of removal on December 2, 2024, asking to have his criminal case, which was started in New York State court, removed to federal court.[2] On December 16, 2024, this Court issued an Order dismissing Mr. Milchamot's case from federal court and remanding it to state court for lack of jurisdiction.[3] Mr. Milchamot now claims that the Court made a mistake in that Order and asks, again, to be prosecuted in federal rather than state court.[4] For the reasons explained below, Mr. Milchamot's motion is **DENIED**.

  A motion for reconsideration is a not a chance for a defendant to have a do-over of his initial request.[5] Instead, the purpose of a motion for reconsideration is to identify and allow the

---

[1] Def.'s Mot. for Recons., ECF No. 5.

[2] Def.'s Notice of Removal, ECF No. 1.

[3] Order Remanding Action, ECF No. 4.

[4] *See* Def.'s Mot. for Recons., ECF No. 5.

[5] *See, e.g.*, *Kairam v. West Side GI, LLC*, No. 18 Civ. 1005, 2024 WL 2853598, at *2 (S.D.N.Y. June 5, 2025) ("A motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple."'" (citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2d Cir. 2012)); *Benjamin v. Good*, No. 02 Civ. 1703, 2010 WL 3341639, at *1 (S.D.N.Y. Aug.

court to correct "manifest error of law or fact" or "to consider newly discovered evidence."[6] In other words, a court will only grant a defendant's motion for reconsideration if he tells the court about "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[7]

Mr. Milchamot does not identify any mistakes made by the Court—such as a decision from a higher court or an important piece of information that the Court overlooked—when it denied his notice of removal. In its initial Order, the Court found that it did not have jurisdiction to hear Mr. Milchamot's case. In his Motion for Reconsideration, Mr. Milchamot does not explain how the Court made a mistake when it reached that conclusion. Mr. Milchamot also does not present any new evidence explaining why the Court did not have jurisdiction to hear his case when he initially filed his notice of removal but does now.

Instead, Mr. Milchamot says that the Court made a mistake by not holding an evidentiary hearing to determine whether removal was proper. But the Court was not required to hold such a hearing. The statute Mr. Milchamot cites, 28 U.S.C. § 1455, states:

> *If the United States district court does not order the summary remand of [a] prosecution*, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require.[8]

Put simply, the district court needs to hold an evidentiary hearing only if it does not issue a summary order remanding the prosecution back to state court after a defendant has filed his notice of removal. But that is exactly what the Court did with Mr. Milchamot's case: it remanded it back

---

18, 2010) ("A motion for reconsideration is not . . . a 'second bite at the apple' for a party dissatisfied with a court's ruling.").

[6] *See, e.g.*, *Applera Corp. v. MJ Research, Inc.*, 404 F. Supp. 2d 422, 424 (D. Conn. 2005).

[7] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

[8] 28 U.S.C. § 1455(b)(5) (emphasis added).

to state court after finding it did not have jurisdiction. And the Court was authorized to do so by 28 U.S.C. § 1455(b)(4) because it "clearly appear[ed] from the fact of the notice . . . that removal should not [have been] permitted."[9]

For the reasons stated above, Mr. Milchamot has not shown that the Court made a mistake when it dismissed his case from federal court and remanded it back to state court. Therefore, the Motion for Reconsideration is **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant proceeding *pro se*.

SO ORDERED.

Dated: February 10, 2025
New York, New York

                                                        _____
                                                                    DALE E. HO
                                                            United States District Judge

---

[9] 28 U.S.C. § 1455(b)(5).